UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAWN BEGUN )<br>    Plaintiff )<br>     )<br>v. )<br>     )<br>BENJAMIN MORRIS )<br>    Defendant )<br>     ) | CASE NUMBER<br><br>JURY TRIAL DEMANDED<br><br>OCTOBER 22, 2009 |

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

2. The Court has jurisdiction pursuant to 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3. Plaintiff, Dawn Begun (formerly Dawn Marinelli) is a natural person who resides in Colchester, Connecticut.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is the manager and agent for service of Cuda & Associates, LLC ("Cuda"), and is an attorney licensed to practice in the State of Connecticut.

7. Defendant is the Managing Member of Lienfactors, LLC ("Lienfactors").

8. After obtaining judgment against plaintiff in October, 2008 on behalf of Cuda (the "Cuda v. Marinelli matter"), Defendant assigned the judgment to Lienfactors on December 8, 2008.

9. Lienfactors thereafter placed a judgment lien on Plaintiff's property, her primary residence, and commenced a foreclosure action against Plaintiff by way of writ, summons and complaint dated January 23, 2009, and served on plaintiff by a state marshal on January 26, 2009

(the "Lienfactors v. Begun matter").

10. Defendant, on behalf of Cuda, despite Cuda no longer having right, title or interest in the judgment it obtained in the Cuda v. Marinelli matter, filed an application for a financial institution execution ("bank execution") on December 12, 2008.

11. On March 25, 2009, counsel for Plaintiff notified Defendant that she felt the bank execution was improper because Cuda no longer owned the judgment when it applied for the bank execution and asked that Defendant release the execution. Defendant disagreed, stating the execution was proper when applied for, and stated a hearing would be needed.

12. Plaintiff filed an objection to the bank execution and a hearing was held on the objection on April 27, 2009.

13. The court sustained Plaintiff's objection to Cuda's bank execution application based on Cuda's lack of standing to apply for the execution.

14. In July, 2009, defendant, on behalf of Cuda, filed an application for a wage execution despite the court's April 27 order.

FIRST COUNT

15. Defendant represented to third parties that Cuda continued to have standing to pursue post-judgment remedies by twice filing applications for such remedies in the Cuda matter. This collection activity violated the FDCPA, § 1692d, which prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress or abuse a consumer in connection with the collection of a debt; § 1692e, which prohibits a debt collector from using any false, deceptive or misleading representations or means to collect a debt, including but not limited to misrepresenting the character, amount or legal status of a debt, and communicating false information about the about the debt to third parties (such as that Cuda had standing to

<s>›</s>

collect the debt); and § 1692f, which prohibits the use of unfair or unconscionable means to attempt to collect a debt such as the collection of any amount that is not permitted by law.

16. Defendant is liable to Plaintiff for her damages.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff such damages as are permitted by law, both compensatory and punitive, including $1,000 statutory damages;

2. Award the Plaintiff costs of suit and a reasonable attorney's fee;

3. Such other and further relief as law or equity may provide.

PLAINTIFF, DAWN BEGUN

By: _____
Sarah Poriss
Sarah Poriss, Attorney at Law, LLC
PO Box 370131
West Hartford, CT  06137
Ph. 860-593-1758
Fax 866-424-4880
sarahporiss@prodigy.net
Fed. Bar No. 24372

3